# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LEIGH ANN KOKSAL, ) | Case No. 09-10146 |
| a/k/a Uncommon Market, LLC ) | Chapter 7 |
| a/k/a 46 UncommonMarket.com, ) | |
|         Debtor. ) | |
| ) | |
| STEVEN L. SPETH, TRUSTEE, ) | |
| ) | |
|         Plaintiff, ) | |
| vs. ) | Adversary No. |
| ) | |
| JAMIE LYNN POSTEL and ) | |
| SUE TANNER, Solely in her Capacity as Clerk ) | |
| of the Eighteenth Judicial District Court, ) | |
| Sedgwick County, Kansas, ) | |
| ) | |
|         Defendants. ) | |
| ) | |

## COMPLAINT

COMES NOW plaintiff/trustee, and for his complaint, states:

1. He is the duly acting and qualified trustee in this case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157.

3. This is a Court proceeding pursuant to 28 U.S.C. § 157.

4. The above bankruptcy case was filed on January 26, 2009, under Chapter 7 of Title 11 of the U.S.C.

5. That on May 14, 2007, debtor filed a supersedeas cash bond in the amount of $125,000.00 to defendant Sue Tanner, solely in her capacity as Clerk of the District Court of Sedgwick County, Kansas. Said bond was filed in the matter of *Jamie Lynn Postel, plaintiff v. Leigh Ann Koksal, defendant*, Case No. 07 CV 0071.

6. That on the date of the bankruptcy filings, said supersedeas bond was property of the

bankruptcy estate. However, defendant Leigh Ann Koksal claims to have a valid ownership interest in said bond.

## COUNT I

7. Plaintiff prays the Court to determine that defendant Jamie Lynn Postel has no rights in and to the subject supersedeas bond.

## COUNT II

8. Plaintiff prays the Court pursuant to 11 U.S.C. § 543 that defendant Sue Tanner, solely in her capacity as Clerk of the District Court of Sedgwick County, Kansas be required to turnover the full amount of the supersedeas bond along with any accumulated interest to plaintiff for the benefit of the bankruptcy estate.

## COUNT III

9. Plaintiff prays, in the alternative, if the subject supersedeas bond is not property of the Estate and became property of defendant Jamie Lynn Postel, that said payment is a preference under 11 U.S.C. § 547.

WHEREFORE, the trustee requests an order as set out above; for a determination of the rights of the parties herein; and for such other and further relief as the Court deems just and equitable.

s/Timothy J. King
TIMOTHY J. KING #12225
SPETH & KING
300 W. Douglas, Ste. 230
Wichita, KS 67202
(316) 264-3333
(316) 264-1305
tjk@spethking.kscoxmail.com
Attorney for Trustee/Plaintiff

2