**SO ORDERED.**

**SIGNED this 14 day of September, 2009.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

OPINION NOT DESIGNATED FOR ON-LINE USE OR PRINT PUBLICATION
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In Re:** <br><br> **LEIGH ANN KOKSAL,** <br> a/k/a Uncommon Market, LLC <br> a/k/a 46 UncommonMarket.com, <br><br> **DEBTOR.** | CASE NO. 09-10146 <br> CHAPTER 7 |
| **STEVEN L. SPETH, Trustee,** <br><br> **PLAINTIFF,** <br><br> v. <br><br> **JAMIE LYNN POSTEL and <br> BERNIE LUMBRERAS, solely in her <br> capacity as Clerk of the Eighteenth <br> Judicial District Court, Sedgwick County, <br> Kansas,** <br><br> **DEFENDANTS.** | ADV. NO. 9-5079 |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTIONS TO DISMISS

The matters under advisement are the motions to dismiss filed by Defendant Jamie Lynn Postel and Defendant Bernie Lumbreras, in her capacity as Clerk of the Sedgwick County, Kansas District Court (hereafter "Clerk"). For the reasons stated below, the Court denies the motions.

In his complaint, the Chapter 7 Trustee seeks to recover for the estate a cash bond filed on May 14, 2007 in the amount of $125,000 in the office of the Clerk of the District Court of Sedgwick County, Kansas. The bond was filed in the matter of *Jamie Lynn Postel v. Leigh Ann Koksal*, Case No. 07-CV-0071. That case was opened on January 5, 2007, upon Postel's filing an Affidavit of Foreign Judgment to register a Judgment Entry on Magistrate's Decision in a Civil Case, entered in the Common Pleas Court of Richland County, Ohio, on June 16, 2006. The Trustee alleges that the bond is property of the estate under 11 U.S.C. § 541. In Count I he asserts that Postel has no rights in or to the bond, in Count II he alleges that the Clerk should turnover the bond pursuant to 11 U.S.C. § 543, and in Count III he alleges in the alternative, that if the bond is not property of the estate and became property of Postel, that the transfer to Postel was preferential under 11 U.S.C. § 547.

**POSTEL'S MOTION TO DISMISS IS DENIED.**

Postel asserts that the Trustee's complaint should be dismissed because "when debtor lost her appeal, her right in the property was extinguished and the Trustee has no claim to the bond." The record lacks evidence to support this assertion. First, this Court has not been provided with a copy of the bond or any order relating to the bond, so the Court can not determine the conditions of the bond or what events are required for forfeiture. Second, there is no evidence of

entry of a money judgment for a specific amount against the Debtor or the affirming of that judgment. The document filed in the Sedgwick County District Court on January 5, 2007, with the Affidavit of Foreign Judgment, does not state the amount of a judgment against Koksal. In addition, although both the Trustee and the defendants assert that an appeal was denied on January 16, 2009, no documents in the record evidence this fact.[1] Because of these deficiencies in the factual record, the Court declines to construe 11 U.S.C. §§ 541 and 547 as applied to the circumstances at issue.

**THE CLERK'S MOTION TO DISMISS IS DENIED.**

The Clerk's initial basis for dismissal are defects in the summons and insufficiency of process, since the Trustee initially improperly named Sue Tanner as the Clerk of the Sedgwick County District Court. That defect has been cured by the filing of an amended complaint naming Bernie Lumbreras as the defendant Clerk. The motion to dismiss on this basis is moot.

The second basis for the Clerk's motion to dismiss is an alleged lack of subject matter jurisdiction based upon the Eleventh Amendment to the United States Constitution, sovereign immunity. This argument overlooks 11 U.S.C. §106(a), which abrogates the Eleventh Amendment with respect to actions under specific Code sections, including 11 U.S.C. § 543, the basis for the Trustee's complaint against the Clerk.

**CONCLUSION.**

For the foregoing reasons, the motions to dismiss filed by defendants Postel and the Clerk are denied. Answers are due within 30 days of this order.

---

[1] In her motion to dismiss, Postel's statement of uncontroverted facts, paragraph 4 refers to Exhibit A in support of the statement that the "debtor's appeal was denied on January 16, 2009, but Exhibit A is a copy of a June 16, 2006 order of the Common Pleas Court of Richland County, Ohio. It does not evidence an order entered in January 2009 affirming a judgment.

3

**IT IS SO ORDERED.**

###