

**SO ORDERED.**

**SIGNED this 20 day of December, 2010.**

_____Dale L. Somers_____
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>LEIGH ANN KOKSAL,<br>a/k/a Uncommon Market, LLC<br>a/k/a 46 UncommonMarket.com,<br><br>        DEBTOR. | CASE NO. 09-10146<br>CHAPTER 7 |
| STEVEN L. SPETH, Trustee, and<br>LEIGH ANN KOKSAL<br><br>        PLAINTIFFS,<br><br>v.<br><br>JAMIE LYNN POSTEL and<br>SUE TANNER, solely in her capacity as<br>Clerk of the Eighteenth Judicial District<br>Court, Sedgwick County, Kansas,<br><br>        DEFENDANTS. | ADV. NO. 09-5079 |

# MEMORANDUM OPINION AND ORDER
# DENYING KOKSAL'S MOTION FOR PARTIAL RECONSIDERATION

The matter before the Court is Debtor Leigh Ann Koksal's Motion for Partial Reconsideration (hereafter "Motion") of the Court's August 17, 2010 Memorandum and Order Granting in Part and Denying in Part Jamie Lynn Postel's Motion for Summary Judgment (hereafter "August 17, 2010 Order"). Defendant Postel opposes the Motion.

The Court denies the Motion for two reasons. First, the Motion was filed out of time. Local District Court Rule 7.3 requires that motions to reconsider non-dispositive orders be filed within 14 days after the order is filed, unless the court extends the time. A ruling is non-dispositive if it does not fully resolve the case. *Seyler v. Burlington Northern Sante Fe Corp.*, 121 F.Supp.2d 1352, 1355 (D.Kan. 2000). The August 17, 2010 Order did not fully resolve the case and therefore is non-dispositive for purposes of Local Rule 7.3(b). The Motion was filed in November 3, 2010, more that 14 days after the August 17, 2010 Order. No order extending the time to seek reconsideration was filed. Second, the Motion is denied on the merits. The Motion attempts to show clear error of law, but review of the authorities cited fails to show error.

The Motion is therefore denied.

**IT IS SO ORDERED.**

# # #

2

Case 09-05079    Doc# 114    Filed 12/20/10    Page 2 of 2